IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Siemens Product Lifecycle Management Software, Inc., | Case No. 4:14-cv-00506-RC-ALM |
| Plaintiff, | Jury Trial Demanded |
| *vs.* | |
| BTL Machine, Inc., | |
| Defendant. | |

**DEFENDANT BTL MACHINE, INC.'S ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Defendant, BTL Machine, Inc. ("BTL Machine"), by and through undersigned counsel, for its Answer to Siemens Product Lifecycle Management Software, Inc.'s ("Plaintiff" or "Siemens PLM") Complaint for Copyright Infringement, states as follows:

**Jurisdiction and Venue**

1. As to paragraph 1, BTL Machine admits that Siemens PLM seeks damages and injunctive relief for alleged copyright infringement. Except as expressly admitted, BTL Machine denies each and every allegation in paragraph 1.

2. As to paragraph 2, admitted.

3. As to paragraph 3, denied.

**Parties**

4. As to paragraph 4, BTL Machine is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations of paragraph 4.

5. As to paragraph 5, BTL Machine denies that it is a limited liability company. BTL Machine admits each of the remaining allegations of paragraph 5.

## Count I

### (Infringement of Copyrights)

6. As to paragraph 6, BTL Machine incorporates by reference the contents of paragraphs 1-5 above as if fully set forth herein.

7. As to paragraph 7, BTL Machine is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations of paragraph 7.

8. As to paragraph 8, BTL Machine is informed and believes that Siemens PLM offers for sale NX 8 software. As to the remaining allegation of paragraph 8, BTL Machine is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the remaining allegations of paragraph 8.

9. As to paragraph 9, BTL Machine is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations of paragraph 9.

10. As to paragraph 10, BTL Machine is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations of paragraph 10.

11. As to paragraph 11, BTL Machine is without knowledge or information sufficient to admit or deny the allegations and on that basis denies the allegations of paragraph 11.

12. As to paragraph 12, BTL Machine admits that in or about October 2013 it received correspondence from Siemens PLM asserting that BTL Machine was infringing Siemens' copyrights and demanding BTL Machine cease such alleged infringing activities. BTL Machine denies each and every remaining allegation of paragraph 12.

13. As to paragraph 13, denied.
14. As to paragraph 14, denied.
15. As to paragraph 15, denied.
16. As to paragraph 16, denied.
17. As to paragraph 17, denied.
18. As to paragraph 18, denied.

19. As to paragraph 19, denied.

## Affirmative Defenses

20. Plaintiff has failed to state a claim upon which relief may be granted.

21. Plaintiff's claims are barred by the applicable statute of limitations.

22. Plaintiff's claims are barred for a lack of subject matter jurisdiction because it lacks valid copyright registrations for the intellectual property rights asserted, or has not properly or timely registered its works.

23. Plaintiff's claims are barred by the doctrine of fair use.

24. Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver or unclean hands.

25. Plaintiff's claims are barred by Plaintiff's license, consent, and acquiescence to BTL Machine's use.

26. Plaintiff authorized, impliedly or explicitly, BTL Machine's allegedly infringing use of its works, and Plaintiff's claims are therefore barred by the doctrine of implied license.

27. Plaintiff's claims are barred, in whole or in part, because BTL Machine's conduct was in good faith and with non-willful intent, at all times.

28. Plaintiff's claims are barred by the doctrine of misuse of copyright.

29. Plaintiff's claims are barred under 17 U.S.C. § 109 and the doctrine of exhaustion.

30. BTL Machine reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

## Prayer for Relief

WHEREFORE, BTL Machine prays for judgment against Plaintiff as follows:

A. A judgment against Plaintiff and in favor of BTL Machine that BTL Machine has not infringed and does not infringe Plaintiff's Copyrighted Software or any other copyrights Plaintiff alleges BTL Machine infringes pursuant to Plaintiff's Complaint;

B. A judgment against Plaintiff and in favor of BTL Machine that Plaintiff is not entitled to any relief with respect to its allegations against BTL Machine;

C. An award of costs, expenses and reasonable attorneys' fees to BTL Machine;

D. Dismissal of Plaintiff's Complaint as to BTL Machine with prejudice; and

E. Such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

BTL Machine hereby demands a trial by jury on all issues so triable.


Dated: September 29, 2014    Respectfully submitted,

By:    */s/ Michelle G. Breit*
Michelle G. Breit
LEAD COUNSEL
AZ Bar No. 021439 (Admitted E.D. Texas)
mbreit@boothudall.com
BOOTH UDALL FULLER, PLC
1255 W. Rio Salado Parkway, Suite 215
Tempe, Arizona 85281
480-830-2700 Telephone
480-830-2717 Facsimile

*Attorneys for BTL Machine, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail or facsimile transmission on September 29, 2014.

          /s/ *Michelle G. Breit*
          Michelle G. Breit